Matter of Dunn (2020 NY Slip Op 01313)





Matter of Dunn


2020 NY Slip Op 01313


Decided on February 25, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Judith J. Gische, Justice Presiding
Ellen Gesmer
 Anil C. Singh
Peter H. Moulton
Lizbeth González, Justices.


M-8716

[*1]In the Matter of Donald R. Dunn, (admitted as Donald Robert Dunn Jr.), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Donald R. Dunn, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Donald R. Dunn, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 17, 2006.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kathy W. Parrino, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Donald R. Dunn was admitted to the practice of law in the State of New York by the Second Judicial Department on May 17, 2006, under the name Donald Robert Dunn, Jr. At all times relevant to this proceeding, respondent maintained a law office within the First Judicial Department.
By notice of motion dated February 28, 2019, the Attorney Grievance Committee ("Committee") sought respondent's immediate suspension from the practice of law, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), based upon his failure to comply with a court ordered subpoena and failure to cooperate with the Committee's investigation of two complaints filed against him that alleged, among other things, failure to act with reasonable diligence and promptness in his representation of a client, failure to refund an unearned fee, and neglect of a client matter. While respondent submitted an untimely answer to one complaint [FN1] and appeared on two occasions for a deposition, he stopped cooperating thereafter.
Although having been served by delivering a copy of the motion to a person of suitable age and discretion at respondent's residence, followed by a mailing of the motion (CPLR 308[2]), respondent failed to submit a response to the interim suspension motion.
By order entered on June 11, 2019, this Court granted the Committee's motion and immediately suspended respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(1) and (3), and until further order of the Court (Matter of Dunn, 174 AD3d 175). On the same day, a notice of entry was served on respondent by priority mail and certified mail return receipt requested. The certified mail was delivered "to an individual" on June 17, 2019 with the signed receipt returned to the Committee, and the order sent by priority mail was delivered on June 14, 2019.
The Committee's prior notice of motion to suspend contained the following notice:
"PLEASE TAKE FURTHER NOTICE that pursuant to 22 NYCRR 1240.9(b), an attorney who is suspended and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension, may be disbarred without further notice"
Now, the Committee seeks an order disbarring respondent, pursuant to 22 NYCRR 1240.9(b), on the ground that he was immediately suspended pursuant to 22 NYCRR 1240.9(a)(1) and (3) and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension, or requested a post suspension hearing since the date of his suspension.
In addition, the Committee was advised that, on July 18, 2019, Bronx Family Court Support Magistrate Jessica Sin called the Committee to report that respondent (who she discovered was suspended) had appeared before her that day in Part 28. When the parties went on the record, respondent conceded that while he was "just upstairs on another matter," he learned "for the first time" that his license had been suspended. Magistrate Sin would not allow respondent to proceed further and adjourned the matter. According to the Committee, Magistrate Sin was told by Part 40, where respondent had first appeared, that respondent was suspended and that he was heading to her court.
The Committee also considered an August 15, 2019 affirmation from opposing counsel in the Part 28 matter. Counsel stated that, prior to their case being called in Part 28, she and respondent engaged in settlement discussions regarding child care expenses; respondent [*2]conferred with his client about an offer regarding such expenses; the case was called before a final agreement was reached; respondent never informed her that he was suspended; and she only learned that he was suspended after the case was called.
On July 20, 2019, respondent emailed a per diem attorney service to account for his legal work representing his client in the Part 28 matter. Respondent's email, which still contains "Esq." after his name and includes the same address where he was served with the interim suspension motion and the June 11, 2019 order immediately suspending him, states that he "appear[ed] in court" and charged .5 hours for his appearance.
On August 23, 2019, more than one month after respondent purportedly discovered for the first time that he had been suspended and a day after the Committee contacted his "social friend" to inquire about a case respondent had appeared in pro bono for her, respondent emailed the Committee. Respondent wrote he had "no idea that [he] had been suspended from the practice of law or that any such suspension was forthcoming", and that he was "shocked and devastated by that news".
Respondent denied receiving the mailings, and stated that he would have responded if he had. He stated that, if given the opportunity to review the documents, check his records and consult with legal counsel, he would address the instances in detail. Stating that his mail was unreliable, respondent requested the Committee email him a copy of all the documents.
On August 26, 2019, the Committee advised respondent that it could email him a copy of the two complaints against him but he would have to come to its office to obtain the suspension motion due to the amount of exhibits. On September 4, 2019, respondent retrieved the papers from the Committee's office. However, since then, the Committee has heard nothing further from respondent. On September 24, 2019, the Committee emailed respondent informing him that his answers were still outstanding and directed he submit them by October 4, 2019.
Because more than six months have elapsed since this Court's June 11, 2019 suspension order, and respondent has neither responded to, nor appeared for, further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and his name stricken from the roll of attorneys in the State of New York (Matter of Matic, 173 AD3d 83 [1st Dept 2019]; Matter of Pomerantz, 166 AD3d 26 [1st Dept 2018]; Matter of Freidman, 162 AD3d 14 [1st Dept 2018]; Matter of Spencer, 161 AD3d 44 [1st Dept 2018]; Matter of Hidalgo, 158 AD3d 1 [1st Dept 2018]).
All concur.
Order filed. [February 25, 2020]
Motion granted. Respondent is disbarred, and his name is stricken from the roll of attorneys in the State of New York.



Footnotes

Footnote 1: When respondent was issued an Admonition related to the first matter and he failed to refund his client the unearned fee as directed by the Admonition, the Committee commenced a sua sponte investigation requiring another answer related to this matter which respondent has failed to provide.